**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4552

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

AUSTIN LEE HOWARD,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (2:18-cr-00016-RAJ-RJK-1)

Submitted: July 31, 2019                         Decided:  August 14, 2019

Before KING and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Paul A. Driscoll, PAUL A. DRISCOLL, PLLC, Norfolk, Virginia, for Appellant.  William David Muhr, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury charged Austin Lee Howard with two counts of bank robbery, in violation of 18 U.S.C. §§ 2113(a), 2 (2012) (Counts 1 and 3), and two counts of using a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A), 2 (2012) (Counts 2 and 4). The case proceeded to trial, and a jury found Howard not guilty of Counts 1 and 2, which related to the first bank robbery, and guilty of Counts 3 and 4, which related to the second bank robbery.

Howard appeals his convictions and 180-month sentence. Howard's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal, but questioning whether the district court erred in denying Howard's motion to continue the trial based on the unavailability of a defense witness, whether the evidence was sufficient to convict Howard of Counts 3 and 4, and whether Howard's sentence was reasonable. Howard filed a pro se supplemental brief contending that the Government committed prosecutorial misconduct, the district court demonstrated bias by interfering with his trial, the evidence was not sufficient to convict him of Count 4, and the district court did not properly instruct the jury. We affirm.

We review the denial of a motion for a continuance of trial for an abuse of discretion. *United States v. Copeland*, 707 F.3d 522, 531 (4th Cir. 2013). Even if a defendant shows that the district court abused its discretion, the defendant must establish specific prejudice. *Id.*

Howard sought to introduce testimony from his direct supervisor to show that he was at work during the first robbery. The court ruled that, although his supervisor was

2

unavailable to testify, Howard could present the same information from a different witness. Ultimately, the jury found Howard not guilty of Counts 1 and 2, which pertained to the first robbery. Thus, we conclude that Howard has not shown prejudice.

Next, we review de novo the sufficiency of the evidence supporting Howard's convictions on Counts 3 and 4. *United States v. Wolf*, 860 F.3d 175, 194 (4th Cir. 2017). A defendant challenging evidentiary sufficiency carries "a heavy burden." *Id.* (internal quotation marks omitted). We will uphold a conviction if, "view[ing] the evidence in the light most favorable to the government . . . [,] any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." *United States v. Barefoot*, 754 F.3d 226, 233 (4th Cir. 2014) (emphasis and internal quotation marks omitted). "We do not reweigh the evidence or the credibility of witnesses," *United States v. Roe*, 606 F.3d 180, 186 (4th Cir. 2010), and must examine the evidence "in [a] cumulative context" rather than "in a piecemeal fashion," *United States v. Burgos*, 94 F.3d 849, 863 (4th Cir. 1996) (en banc).

"Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2(a) (2012). To obtain a conviction for aiding and abetting, the Government must show that the defendant "knowingly associated himself with and participated in the criminal venture." *Burgos*, 94 F.3d at 873 (internal quotation marks omitted). To prove association, the Government must establish that the defendant knew of the intended crime and participated in the principal's criminal intent. *Id.* "To be convicted of aiding and abetting, participation in every stage of an illegal venture is not required, only participation at some

3

stage accompanied by knowledge of the result and intent to bring about that result." *Id.* (brackets and internal quotations omitted).

Ample evidence established that Howard aided and abetted the robbery of the second bank. For example, video surveillance and testimony from a bank employee showed that Howard went inside the bank the day before the robbery. The bank employee's business card was found on Howard's person when he was arrested. Howard drove the car that Marquis Buckley, Howard's codefendant, was in when they were arrested shortly after the robbery. Howard's cellmate testified that Howard told him Howard knew something was wrong with the bag of money taken from the bank when he discovered that there was a tracking device in the bag, and the cellmate also testified that Howard said that he went to the bank for reconnaissance before the robbery. Buckley testified that he and Howard planned the bank robbery together and that Howard acted as the getaway driver for the robbery. Thus, a rational juror could find that Howard knowingly participated in the criminal conduct. *See Burgos*, 94 F.3d at 873.

Furthermore, it is clear that Buckley robbed the bank; he admitted to it on the stand, and video surveillance showed the robbery taking place, including Buckley shooting his gun. Testimony also demonstrated that the bank was federally insured. As a result, we conclude that a rational juror could find the evidence sufficient to find Howard guilty of Count 3.

Howard argues in his pro se brief, however, that the evidence was not sufficient to find him guilty of Count 4 because the Government did not show that he knew that Buckley would be using a gun in the bank robbery. *See Rosemond v. United States*, 572 U.S. 65,

4

78 (2014). We conclude, however, that sufficient evidence demonstrated that Howard knew that Buckley would be using a gun to rob the bank. Buckley testified that he and Howard jointly decided to acquire a gun from a mutual friend for the first bank robbery. A rational juror could infer that Howard knew that Buckley would use the gun in the second bank robbery based on the similar patterns in the two bank robberies. Thus, we conclude that a rational juror could find Howard guilty of Count 4.

Turning to Howard's sentence, "[w]e review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51.

We conclude that the sentence is procedurally reasonable. The district court properly calculated the Sentencing Guidelines range, treated the Guidelines as advisory, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3353(a) (2012) factors, selected a sentence not based on clearly erroneous facts, and sufficiently explained the chosen sentence. *See Gall*, 552 U.S. at 49-51. Furthermore, Howard's below-Guidelines sentence is presumptively substantively reasonable, and no evidence to rebut the presumption is apparent from the record. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Next, because Howard did not object to any alleged misconduct at trial, we review his claims for plain error. *See United States v. Hale*, 857 F.3d 158, 173-74 (4th Cir. 2017).

5

To prevail, Howard "must show (1) an error, (2) that is plain, and (3) that affected his substantial rights." *United States Dennison*, 925 F.3d 185, 190 (4th Cir. 2019). Even if Howard meets these three prongs, we "will correct the error . . . only [when] not doing so would result in a miscarriage of justice, or would otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

To prevail on a claim of prosecutorial misconduct, a defendant must show "(1) that the prosecutor's remarks or conduct were improper and (2) that such remarks or conduct prejudicially affected his substantial rights so as to deprive him of a fair trial." *United States v. Caro*, 597 F.3d 608, 624-25 (4th Cir. 2010) (internal quotation marks omitted). In determining prejudice, we consider several factors, including

> (1) the degree to which the prosecutor's remarks had a tendency to mislead the jury and to prejudice the defendant; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the defendant; (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters; (5) whether the prosecutor's remarks were invited by improper conduct of defense counsel; and (6) whether curative instructions were given to the jury.

*Id.* at 626 (internal quotation marks omitted). In other words, we must determine "whether the misconduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.* at 624 (internal quotation marks omitted).

In his pro se supplemental brief, Howard contends, among other things, that the prosecutor commented on Howard's silence after he was arrested despite his right to remain silent. "[T]he Constitution forbids either comment by the prosecution on the accused's

6

silence or instructions by the court that such silence is evidence of guilt." *United States v. Rand*, 835 F.3d 451, 466 (4th Cir. 2016). We consider whether "the language used [was] manifestly intended to be, or was it of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *Id.* (internal quotation marks omitted). This right of silence extends to situations involving a defendant's refusal to testify in court, *Griffin v. California*, 380 U.S. 609, 615 (1965), and a defendant's refusal to speak after being arrested and read his rights under *Miranda v. Arizona*, 384 U.S. 436, 468 n.37 (1966). Yet a prosecutor may introduce "testimony concerning a defendant's silence [when] the defendant has not received any *Miranda* warnings during the period in which he remained silent immediately after his arrest." *United States v. Love*, 767 F.2d 1052, 1063 (4th Cir. 1985) (internal quotation marks omitted).

It is unclear from the record when or whether Howard received a *Miranda* warning, and thus it is unclear whether the evidence of Howard's silence would be barred by *Miranda* or permitted by *Love*. Nevertheless, Howard has not shown that he would prevail on plain error review of this claim, as it is Howard's burden to show when he received his *Miranda* warning. Furthermore, Howard has not shown that the comments made by the prosecutor and the testimony elicited from the police officers, even if improper, were so prejudicial as to deprive him of a fair trial. *See Caro*, 597 F.3d at 626. Thus, Howard has not demonstrated that he is entitled to relief on this claim. Finally, Howard's remaining claims raised in his pro se brief are without merit.

In accordance with *Anders*, we have reviewed the entire record in this case and have identified no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Howard, in writing, of the right to petition the Supreme Court of the United States for further review. If Howard requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Howard. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*